IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SAUL STEWARD,

    Plaintiff,

v.                                                                                                  No. 23-cv-00368-KWR-GJF

MATTHEW CHANDLER, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Joseph Saul Steward's Prisoner Civil Rights Complaint (Doc. 1) (Complaint). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 2) (IFP Motion). Plaintiff was previously incarcerated and is proceeding *pro se*. He seeks damages on the ground that his state criminal sentence is illegal and his probation officers otherwise violated the Constitution. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant the IFP Motion; dismiss the Complaint; but grant leave to amend.

### BACKGROUND[1]

    In 2016, Plaintiff was convicted of at least one count of driving under the influence of alcohol or drugs (DUI) and an unspecified probation violation. *See* Doc. 1 at 5, 7. He alleges the charges carry a total punishment of 18 months incarceration, but he served 54 months in a state prison. *Id.* at 7. The Complaint refers to later arrests and violations, so it is unclear whether Plaintiff served 54 months in connection with one charge. In any event, Plaintiff alleges State District Judge Matthew Chandler, Assistant District Attorney (D.A.) Brian Stover, and Assistant

---

[1] For the purpose of this ruling, the Court assumes the facts in the Complaint (Doc. 1) are true.

Public Defender Jonathon Miller were unable to focus during the DUI sentencing. *Id.* at 8. Plaintiff contends those parties "act[ed] as if they had bugs running through their hair and bodies" and had "dialated pupils or no pupils." *Id.* at 9. Plaintiff directed Miller to appeal, but the appellate brief purportedly did not raise a claim for illegal sentencing. *Id.*

Plaintiff complained to Shelly Burger, the Court Clerk at New Mexico's Ninth Judicial District Court. *See* Doc. 1 at 9. She allegedly did not respond to his letter. *Id.* Plaintiff then contacted Probation and Parole Officers Kendra Fergerson, Morgan Gomez, and Michael Garcia regarding his sentence. *Id.* at 9. The parties had some type of disagreement, although the details of the incidents are difficult to discern. It appears Fergerson reported Plaintiff for absconding, which caused him to be detained for some period. *Id.* at 10-11. Plaintiff also believes Fergerson, Gomez, and Garcia "sabotaged" his acceptance into a professional training program by reporting that he used marijuana and was violent. *Id.* at 14.

Based on these facts, the Complaint raises claims under 42 U.S.C. § 1983 for illegal sentencing, false imprisonment, and cruel and unusual punishment. *See* Doc. 1 at 17, 19-22. The Complaint also appears to raise a state law claim for defamation. *Id.* Plaintiff seeks at least $4.4 million in damages from: (1) Judge Matthew Chandler; (2) Assistant D.A. Brian Stover; (3) Assistant Public Defender Jonathon Miller; (4) Court Clerk Shelly Burger; (5) Probation/Parole Officer Kendra Fergerson; (6) Probation/Parole Officer Morgan Gomez; and (7) Probation/Parole Officer Michael Garcia. *Id.* at 1-4, 17. Plaintiff filed an IFP Motion along with two financial statements, which reflect he cannot afford to prepay the $402 civil filing fee. *See* Docs. 2, 4-5. The Court will therefore grant leave to proceed *in forma pauperis* and review the Complaint under 28 U.S.C. § 1915(e).

**STANDARDS GOVERNING INITIAL REVIEW**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any such complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

**ANALYSIS**

The Complaint raises federal claims under 42 U.S.C. § 1983, which "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of*

3

*Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, personally violated the Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint does not state a cognizable § 1983 claim against any Defendant.  Public defenders do not act under color of state law.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 316-318 (1981); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26 (10th Cir. 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant.").  Plaintiff's § 1983 claims against Jonathon Miller therefore fail as a matter of law.  To the extent the Complaint also raises a state law claim for defamation, there are no factual allegations involving Miller.  The alleged defamation appears to involve a report by Probation/Parole Officers Fergerson and Gomez.  All claims against Miller will therefore be dismissed.

The remaining Defendants (D.A. Stover, Judge Chandler, Clerk of Court Burger, and Probation/Parole Officers Fergerson, Gomez, and Garcia) are immune from suit, at least under certain circumstances.  Prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  This includes situations where, as here, the plaintiff alleges a prosecutor took an inappropriate position at sentencing.  *See Blair v. Osborne*, 777 Fed. App'x 926, 929 (10th Cir. 2019) (immunity applies to prosecutor's allegedly improper "statements at the sentencing hearing").  Judges are similarly

4

immune from suit based on actions taken in their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."  *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  The only exception is when a judge "acts clearly without any colorable claim of jurisdiction."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).  As a State District Judge, Chandler had jurisdiction to sentence Plaintiff in a state criminal case.  The claims against Stover and Judge Chandler are therefore barred.

"[J]udicial immunity has … been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process."  *Sawyer v. Gorman*, 317 Fed. App'x. 725, 728 (10th Cir. 2008).  *See also Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (immunity applies when court staff/clerks are acting "as an official aide of the judge").  Moreover, "[b]ecause of the close working relationship between the probation officer and the sentencing court, the probation officer may communicate *ex parte* with the district court … and is entitled to absolute immunity from suit in the performance of his or her judicially-related functions."  *United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998).  The exact nature of a probation officer's "judicially related functions" is not well defined in the case law.  At a minimum, they are expected to "serve[] as a liaison between the sentencing court … and the defendant, who must comply with the conditions of his supervised release or run the risk of revocation."  *Id.* at 1306-1307.

The Complaint here alleges Burger entered the criminal Judgment in her capacity as Clerk of Court.  *See* Doc. 1 at 9.  Burger also allegedly did not respond to Plaintiff's letter asking how she "let such an erroneous mistake [past] her on the Judgment and sentencing."  *Id.*  Entering a signed Judgment on the docket is a Clerk's core duty "as an official aide of the judge," and

5

amending a Judgment without authorization or a Court Order would be illegal. *Henriksen*, 644 F.2d at 855. The allegations, accepted as true, show Burger is immune from suit.

Immunity presents a closer question with respect to the remaining Defendants, Probation/Parole Officers Fergerson, Gomez, and Garcia. It appears Plaintiff challenges at least some communications between those Defendants and Judge Chandler, which would normally not be actionable. However, Fergerson Gomez, and Garcia also allegedly lied and "tormented" Plaintiff in various ways. The Court need not resolve the issue of immunity with respect to Fergerson, Gomez, or Garcia because, even assuming they can be sued, the Complaint fails to state a cognizable federal claim for illegal sentencing, false imprisonment, or cruel and unusual punishment. Any illegal sentencing claim is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* holds that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. The only exception is where the conviction/sentence has been vacated in a post-conviction proceeding. *Id.* A finding that Plaintiff's state sentence is illegal would necessarily attack the conviction/judgment, and there is no indication the criminal judgment was ever amended. *See Denney v. Werholtz*, 348 Fed. App'x 348, 350 (10th Cir. 2009) (awarding damages based on allegedly illegal sentence is barred by *Heck*).

The claim for false imprisonment fails for similar reasons. Under state and federal law, the tort of false imprisonment requires a detainment without "lawful authority" or "legal process." *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 12; *Wallace v. Kato,* 549 U.S. 384, 389 (2007). Plaintiff cannot maintain a false imprisonment claim against any prison or probation official who incarcerated him pursuant to a criminal Judgment, even where he maintains the

Judgment contains an error.  *See McNally v. Colorado State Patrol,* 13 F. App'x. 806, 808 (10th Cir. 2001) (*Heck* precludes false imprisonment claims where the prisoner is confined pursuant to a lawful conviction).  The Complaint also contains insufficient factual detail to show Fergerson, Gomez, or Garcia detained Plaintiff beyond the release date required by the criminal Judgment, assuming he raises that argument.

With respect to the Eighth Amendment claim for cruel and unusual punishment, the alleged facts must show: "(1) … the conditions of [a plaintiff's] incarceration present an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm."  *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  "In other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Requena*, 893 F.3d at 1214 (quotations omitted).  Plaintiff generally alleges Fergerson, Gomez, and Garcia lied, tormented him, and tried to "break [him] down to the lowest point of life." Doc. 1 at 10-11, 15.  There are no specific facts, however, showing any individual subjected Plaintiff to a substantial risk of harm or was aware of any serious risk.  In addition, the only serious allegations do not differentiate between the different Defendants.  *See* Doc. 1 at 15 (noting the prison, jail, and probation employees were "blood hounds" and that "they … beat [Plaintiff]").  "When various officials have taken different actions with respect to a plaintiff, a passive-voice allegation that his rights 'were violated' will not suffice" nor will an "active-voice yet undifferentiated contention that 'defendants' infringed on his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).  Accordingly, the Complaint fails to state an Eighth Amendment claim against any specific Defendant.

Based on the foregoing, the Court will dismiss the Complaint and all federal claims therein without prejudice under 28 U.S.C. § 1915(e). The Tenth Circuit counsels that *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law, unless amendment would be futile. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While many of the claims are barred, the Court cannot definitively conclude an amendment would be futile. Plaintiff may therefore file an amended complaint within thirty (30) days of entry of this ruling. The amendment will supersede the original Complaint and must include all state and federal claims Plaintiff wishes to raise, assuming such claims are not barred. The Court will defer ruling on whether to exercise supplemental jurisdiction over any state law claim for defamation until Plaintiff amends his federal claims. If Plaintiff fails to timely amend or files another complaint that fails to state a cognizable federal claim, the Court may dismiss the federal claims with or without prejudice. The Court may also decline to exercise supplemental jurisdiction over any state law claims and dismiss those claims without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**; Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice** for failure to state a cognizable federal claim under 28 U.S.C. § 1915(e); and within thirty (30) days of entry of this ruling, Plaintiff shall file an amended complaint as set forth above.

**SO ORDERED**.

_____/s/_____
KEA RIGGS
UNITED STATES DISTRICT JUDGE