IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SAUL STEWARD,

    Plaintiff,

v.   No. 23-cv-00368-KWR-GJF

MATTHEW CHANDLER, *et al,*

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Joseph Saul Steward's failure to file an amended complaint as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se* and *in forma pauperis.* The original Complaint (Doc. 1) alleges he served 54 months in state prison, even though his convictions carry a punishment of 18 months. Plaintiff contends State District Judge Matthew Chandler, Assistant District Attorney (D.A.) Brian Stover, and Assistant Public Defender Jonathon Miller were responsible for the discrepancy based on their conduct at the sentencing hearing. *See* Doc. 1 at 8-9. Plaintiff believes they "act[ed] as if they had bugs running through their hair and bodies" and had "dilated pupils or no pupils." *Id.* at 9. The original Complaint alleges Plaintiff complained about his sentence to Shelly Burger, the Court Clerk at New Mexico's Ninth Judicial District Court, and to Probation Officers Kendra Fergerson, Morgan Gomez, and Michael Garcia. *Id.* at 9-11. Burger did not respond to Plaintiff's letter. *Id.* at 9. Plaintiff had some disagreement with the Probation Officers, although the details are unclear. It appears Fergerson reported Plaintiff for absconding, and the Officers allegedly conveyed unflattering or inaccurate information to a professional training program. *Id.* at 14.

The original Complaint raises claims under 42 U.S.C. § 1983 for illegal sentencing, false

imprisonment, and cruel and unusual punishment; it also appears to raise a state law claim for defamation.  *See* Doc. 1 at 17, 19-22.  The original Complaint seeks damages from: (1) Judge Matthew Chandler; (2) Assistant D.A. Brian Stover; (3) Assistant Public Defender Jonathon Miller; (4) Court Clerk Shelly Burger; (5) Probation/Parole Officer Kendra Fergerson; (6) Probation/Parole Officer Morgan Gomez; and (7) Probation/Parole Officer Michael Garcia.  *Id.* at 1-4, 17.

By a ruling entered March 26, 2024, the Court screened the original Complaint and determined it fails to state a cognizable federal 42 U.S.C. § 1983 claim.  *See* Doc. 7 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints).  The Screening Ruling explains that Judge Chandler, Assistant D.A. Stover, and Court Clerk Burger are immune from a § 1983 damages suit for actions taken in connection with the judicial process.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (addressing judges); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (addressing prosecutors); *Sawyer v. Gorman*, 317 Fed. App'x. 725, 728 (10th Cir. 2008) (addressing court clerks).  Miller cannot be sued under § 1983 because public defenders do not act under color of state law.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 316-318 (1981).  The Screening Ruling further notes probation officers are immune under certain circumstances, and Plaintiff cannot sue Officers Fergerson, Gomez, Garcia for reporting case details to a judge that impact probation.  *See United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998).

The Screening Ruling alternatively explains that even if some Defendants can face liability under § 1983, the original Complaint fails to state a cognizable federal claim against any Defendant for illegal sentencing, false imprisonment, or cruel and unusual punishment.  Any illegal sentencing claim is barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994).  *See Denney v. Werholtz*, 348 Fed.

2

App'x 348, 350 (10th Cir. 2009) (awarding damages based on allegedly illegal sentence is barred by *Heck*). The original Complaint fails to allege sufficient facts showing Plaintiff's detainment is without "lawful authority" or "legal process," which is necessary to state a false imprisonment claim. *See Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 12; *Wallace v. Kato,* 549 U.S. 384, 389 (2007). The Screening Ruling finally observes that the original Complaint is devoid of facts showing an objective harm or subjective knowledge of a risk of harm for purposes of the Eighth Amendment. *See Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018). Based on each alternative ruling above, the Court dismissed the original Complaint (Doc. 1) for failure to state a cognizable claim.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court permitted Plaintiff to amend his federal claims within thirty (30) days of entry of the Screening Ruling. The Court deferred ruling on whether to exercise supplemental jurisdiction over any state claims until the amendment was filed. The Screening Ruling warns that if Plaintiff fails to timely comply, the Court may dismiss all federal § 1983 claims with prejudice and dismiss any state law claims without prejudice. *See* Doc. 7 at 8. The deadline to file an amended complaint was April 25, 2024. Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Ruling. Accordingly, the Court will dismiss all federal § 1983 claims in the original Complaint (Doc. 1) with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6). *See Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim [under Rule 12(b)(6)] but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in … [such a] dismissal"). The Court declines to exercise supplemental jurisdiction over any state

law claims in the original Complaint (Doc. 1) and will therefore dismiss those claims without prejudice. *See Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (federal courts should generally decline to exercise supplemental jurisdiction when no federal claims remain).

**IT IS ORDERED** that each federal 42 U.S.C. § 1983 claim in Plaintiff's original Prisoner Civil Complaint (**Doc. 1**) is **DISMISSED with prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims in the original Prisoner Civil Complaint (**Doc. 1**); such state law claims are therefore **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____/S/_____
KEA RIGGS
UNITED STATES DISTRICT JUDGE